Johnson, C. J.- The plaintiffs in error contend that the court below erred: first, in permitting the instrument sued upon to be read in evidence ; and secondly, in refusing to grant a new trial; The only variance between the instrument’ as described in the declaration, and the one offered in evidence consists in the addition of the proper names of the parties charged to have executed it. The declaration sets out the full names of the owners of the boat, and avers that they made the contract under the name and style of the Steam Boat Stubenville and owners. Thé plaintiffs did not elect to deny the ownership by an appropriate plea, but on the contrary virtually admitted the fact as charged by pleading to the merits-' of the action. If they were not the owners of the boat and desired-to controvert the fact, they should have put the matter in issue in apt time, but having failed to do so,- it is now too late to raise the objection. There was no error therefore in admitting the writing in evidence. ' ■ The second, objection is that the finding is contrary'to evidence.This involves the question of the applicability of the testimony to the defence set up. It- was proved upon the trial that the defendant' obtained a judgment against the plaintiffs in the same case on the' I7th November 1840, for one hundred and forty dollars and seventy-six cents damages and costs, upon which an execution was issued to1 the sheriff of Independence county, dated April 7th 1841,. returnable to and on the seventh day of September 1841, and which execution was returned by the sheriff “ satisfied by Ringgold and Palmer, and paid in Arkansas paper.-”. It was also in evidence that at the July term A. D. 1842 of the supreme court, said judgment was-reversed, annulled and set aside, and the case remanded to the Pu--laski-circuit court to be proceeded in according todaw. The point now to be settled is whether a payment to the sheriff, who was armed at the time with an execution, was a valid payment, as the judgment, upon which said execution was based, was subsequently reversed, and set aside by the supreme court. We are clearly of the opinion that the payment was valid and consequently a com--píete bar to the action on its return to the circuit court. The1 judgment upon which the execution was founded, was in full force-at the time of the payment, and' the execution issued thereupon-clothed the officer with full and complete authority to collect and1 receipt for the amount specified upon its face. It may be urged that the payment was no bar because it is said to have been ihade in Arkansas paper. The answer to this is, that the officer received it at his peril, and if he did so without the authority of the plaintiff in the execution, it is a matter in which the plaintiffs in error-have no concern. It is sufficient for their purposes'that he endorsed the execution satisfied. We think it clear therefore that the evidence fully supported the plea of payment,-and that therefore the finding-should have been in favor of the plaintiffs in error. The judgment of the circuit court must therefore be reversed.